UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENUS SPRINGS,

    Plaintiff,                                       Civil Action No. 11-CV-13518

vs.                                                HON. BERNARD A. FRIEDMAN

MAYER BROWN LLP, et al.,

    Defendants.
_____/

## ORDER REQUIRING PLAINTIFF TO AMEND THE COMPLAINT
## TO COMPLY WITH FED. R. CIV. P. 8

This matter is presently before the court on the court's own review of the complaint. For the following reasons, the court shall require plaintiff to amend the complaint to bring it into compliance with Fed. R. Civ. P. 8(a)(2) and (d)(1).

Plaintiff, an attorney who is representing herself, alleges that defendants have discriminated against her based on her race in violation of 42 U.S.C. § 1981, violated her equal protection and due process rights under the Fifth Amendment, conspired to terminate her employment, subjected her to emotional distress, and interfered with her employment relationship with one of the defendants. She seeks various legal and equitable relief.

The complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires it to provide "a short and plain statement of the claim" or with Fed. R. Civ. P. 8(d)(1), which requires allegations to be "simple, concise, and direct." Plaintiff's complaint is neither short nor plain, and many of her allegations are neither simple, concise nor direct. The complaint is 24 pages and 110 paragraphs long. It contains a great deal of superfluous commentary and argument which have no place in a pleading, as well as factual allegations which are far more detailed than necessary to

outline the claims. While *pro se* complaints are generally held to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 519 (1972), the court expects *pro se* lawyers to abide by the rules. Rule 8(a)(2) and 8(d)(1) "fully reflect the basic philosophy of the federal rules expressed in Rule 1 that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1217, pp. 246-47 (2004). These rules "have been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Id.* at 247-52.

Within ten days of the date of this order, plaintiff may file an amended complaint that comports with Rules 8(a)(2) and (d)(1). If she fails to do so, the court shall dismiss the complaint.

SO ORDERED.


Date: August 18, 2011                    s/Bernard A Friedman
                                         BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE



I certify that a copy of the foregoing document was sent to parties of record on August 18, 2011.

                                         s/Michael Williams
                                         Relief Case Manager for the
                                         Honorable Bernard A. Friedman