UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENUS SPRINGS,

      Plaintiff,                            Civil Action No. 11-CV-13518

vs.                                     HON. BERNARD A. FRIEDMAN

MAYER BROWN LLP, et al.,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S**
**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

        This matter is presently before the Court on plaintiff's objection [docket entry 52] to Magistrate Judge Hluchaniuk's January 31, 2013, order denying plaintiff's motion for leave to amend her complaint. Pursuant to E.D. Mich. LR 7.1(f)(2) and 72.1(d), the Court shall decide the objection without a hearing.

        Plaintiff filed her "motion for leave to file third amended complaint" [docket entry 45] on October 29, 2012. She sought to amend the complaint by adding a claim that defendant Ally Financial, Inc. ("Ally") and the individual defendants (collectively, the "Ally defendants") retaliated against her, after she was discharged, for filing a discrimination charge. The magistrate judge denied the motion for leave to amend on the grounds of undue delay. In her objection, plaintiff argues she did not delay unduly in seeking leave to amend and that defendants would not be prejudiced.

        Under Fed. R. Civ. P. 72(a), "[t]he district judge in the case must consider timely objections [to an order on a nondispositive matter] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." A finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is contrary to law if it "fails to apply or misapplies case law, statutes, or procedural rules." *Daniel v. DTE Energy*, 2012 WL 3731749, at *1 (E.D. Mich. Aug. 29, 2012).

Plaintiff has not shown that the magistrate judge's order denying her motion for leave to amend her complaint was either clearly erroneous or contrary to law. As the magistrate judge correctly noted, leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave may properly be denied when there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And while delay alone does not justify denying leave to amend, delay coupled with prejudice to opposing parties does justify doing so. *See, e.g., Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). In the present case, plaintiff filed the instant motion on October 29, 2012, fourteen months after filing suit and four and five months, respectively, after defendants filed motions to dismiss. This extreme delay is both unexcused and inexcusable. Plaintiff has known of the claim she now seeks to add since at least July 2010, when she made allegations about this alleged retaliation in an amended complaint she filed in a nearly identical lawsuit in another court, *Springs v. Ally Financial, Inc., et al.*, No. 3:10-CV-311 (W.D.N.C.) (docket entry 8, Ex. A ¶¶ 38-39). This is classic "moving target" gamesmanship. The magistrate judge properly denied plaintiff's motion for leave to amend on this basis.

Moreover, even if plaintiff had not unduly delayed in filing the instant motion, the

Court would have denied it on grounds of futility.  Plaintiff was aware of her retaliation claim and

plead allegations in support of it in the Western District of North Carolina action.  *See id.*  That court

granted summary judgment for the Ally defendants on January 30, 2012.  *See id.* (docket entry 82).

On appeal, the Fourth Circuit "affirm[ed] the judgment below on the reasoning of the district court

as stated in its January 30, 2012 order."  *Springs v. Ally Financial, Inc.*, 475 F.App'x 900 (4th Cir.

2012).  The court further indicated:

> Finally, Plaintiff argues the district court erred by failing to
> address her claims alleging Defendant engaged in post-employment
> retaliation against her in violation of Title VII, § 1981, and the public
> policy announced by the North Carolina Equal Employment Practices
> Act, N.C. Gen.Stat. § 143–422.2. Plaintiff's argument is without
> merit because the record below, including the operative complaint
> and Plaintiff's submissions at the summary judgment stage,
> conclusively establishes that Plaintiff did not fairly present any
> post-employment retaliation claims to the district court for resolution.
> We refuse to permit Plaintiff now to sandbag the district court in this
> manner.

*Id.* at 901.

The post-termination retaliation claim plaintiff now seeks to bring in the instant

action is the same claim she attempted to bring in the Western District of North Carolina action.

That attempt failed, it would appear, because although plaintiff made allegations concerning such

retaliation in the "factual statement" section of her complaint (specifically in ¶¶ 38-39 thereof), she

did not articulate a claim based on these allegations in the "legal claims" section of her complaint

in which she set forth four specific causes of action.  In addition, according to the above-quoted

passage from the court of appeals' decision, plaintiff compounded her error by failing to alert the

district court, in her response to defendants' summary judgment motion, that she was asserting a

claim for post-termination retaliation.

Whatever plaintiff's intent may have been, the simple fact of the matter is that she was aware of this claim and plead allegations in support thereof but failed to articulate it as a claim for the district court's consideration.  The judgment in the Western District of North Carolina action is *res judicata* not only as to the claims plaintiff actually brought in that case but also as to those which she could have brought at that time.  *See, e.g., Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982) ("this Court has consistently emphasized the importance of the related doctrines of res judicata and collateral estoppel in fulfilling the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").  Plaintiff's proposed amendment is futile because it would not survive a motion to dismiss on these grounds.  Having lost the claim in one court, and a judgment having been entered to this effect, plaintiff may not bring it in another court. Accordingly,

IT IS ORDERED that plaintiff's objection to the magistrate judge's order denying her motion for leave to amend is denied.  The magistrate judge's order is affirmed.


Dated: February 22, 2013                    s/ Bernard A. Friedman
                                             BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 22, 2013, electronically or by U.S. mail.

                                             s/ Michael Williams
                                             Relief Case Manager for the Honorable
                                             Bernard A. Friedman

4

5